THACKER, Circuit Judge,
concurring:
I am in agreement with Judge Davis’s conclusion that cell site location information (“CSLI”) cannot be obtained without a warrant but that, in this ease, admission of the CSLI evidence must be sustained pursuant to the “good faith” exception to the warrant requirement. I write separately to express my concern about the erosion of privacy in this era of rapid technological development.
The tension between the right to privacy and emerging technology, particularly as it relates to cell phones, impacts all Americans. Indeed, as the Supreme Court noted in Riley v. California, cell phones “are now such a pervasive and insistent part of daily life that the proverbial visitor from Mars might conclude they were an important feature of human anatomy.” • — • U.S. -, 134 S.Ct. 2473, 2484, 189 L.Ed.2d 430 (2014). Nearly every American adult owns a cell phone.* See Mobile Technology Fact Sheet, Pew Research Ctr., http:// www.pewinternet.org/fact-sheets/mobile-technology-fact-sheet (last visited July 23, 2015) (saved as ECF opinion attachment) (reporting that, as of January 2014, “90% of American adults own a cell phone”). More than three-fifths of American adults own a smartphone. See Aaron Smith, Pew Research Ctr., U.S. Smartphone Use in 2015 2 (2015), http://www.pewinternet.org/ files/2015/03/PI_Smartphones_0401151.pdf (saved as ECF opinion attachment) (reporting that “64% of American adults now own a smartphone of some kind”). And each year more Americans decide to rely solely on cell phones, untethering from landlines. See, e.g., Stephen J. Blumberg & Julian V. Luke, U.S. Dept, of Health & Human Res., Wireless Substitution: Early Release Estimates from the National; Health Interview Survey, July — December 2011 (2015), http://www.cdc.gov/nchs/data/ nhis/earlyrelease/wireless201506.pdf (saved as ECF opinion attachment). As of 2014, almost half of American homes only had cell phones. See id. (“More than two in every five American homes (45.4%) had only wireless telephones (also known as cellular telephones, cell phones, or mobile phones) during the second half of 2014....”).
And cell phones are far more than sophisticated walkie-talkies. Unlike a walk-ie-talkie, which merely facilities a eonver- *378 sation, “a cell phone collects in one place many distinct types of information ... that reveal much more in combination than any isolated record” or conversation. Riley, 134 S.Ct. at 2489. This information— stored on the phone and on remote servers — makes reconstructing a day in the life of any individual a simple task. See, e.g., id. (“The sum of an individual’s private life can be reconstructed through a thousand photographs labeled with dates, locations, and descriptions.... ”). In fact, gathering and storing location information “is a standard feature on many smart phones and can reconstruct someone’s specific movements down to the minute, not only around town but also within a particular building,” including in the privacy of his or her own home. Id. at 2490. This is the reality of modern life. “The fact that technology now allows an individual to carry such information in his hand does not make the information any less worthy of the protection for which the Founders fought.” Id. at 2495 (2014).
It is particularly disturbing that any one of us can be tracked from afar regardless of whether or not we are actively using our phones. Even just sitting at home alone, your phone may be relaying data, including your location data. This data is transmitted to the remote servers of your service provider, where the data is stored. According to the Government, it does not need a warrant to force your service provider to turn over this information. By doing nothing, you disclosed your location information to a third party. Per the Government’s theory, in so doing you have foregone your right to privacy such that a warrant is not necessary. I cannot' approve of such a process (or lack thereof).
As the march of technological progress continues to advance upon our zone of privacy, each step forward should be met with considered judgment that errs on the side of protecting privacy and accounts for the practical realities of modern life.
At bottom, this decision continues a time-honored American tradition — obtaining a warrant is the rule, not the exception.

 Cell phone ownership is even higher among young adults. See Aaron Smith, How Americans Use Text Messaging, Pew Research Ctr., http://www.pewinternet.org/2011/09/19/how-americans-use-text-messaging (last visited July 23, 2015) (saved as ECF opinion attachment) (reporting that 95% of 18 to 24 year olds own a cell phone).